**Iris D. GUZMAN ROBLES, et al., Plaintiffs,**

v.

**Jesus M. CRUZ, et al., Defendants.**

**Civ. No. 86–0330(PG).**

United States District Court,
D. Puerto Rico.

Sept. 25, 1987.

Federico Delgado Torres, Río Piedras, P.R., for plaintiffs.

Enrique Bray, Hato Rey, P.R., for defendants.

## OPINION AND ORDER

PEREZ–GIMENEZ, Chief Judge.

This action is brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et al. Plaintiff seeks recovery against her employer, the Municipality of Bayamón (the Municipality) and against Jesús M. Cruz, an employee of the Municipality, for sexual harassment in employment. Plaintiff also asserts a state law claim under the provisions of Law 100 of June 30, 1959, as amended (Law 100), 29 L.P.R.A. §§ 146, et seq.; and Law 69 of July 6, 1985, as amended (Law 69), 29 L.P. R.A. §§ 1321, et seq., and alleges that this Court has jurisdiction over such claims based on the doctrine of pendent jurisdiction.

On March 6, 1987, defendants filed a motion for partial summary judgment requesting the dismissal of all claims for compensatory damages under Title VII, Law 100 and Law 69, and the dismissal of plaintiff's demand for jury trial. This motion was referred to a U.S. Magistrate, who issued a Report and Recommendation on June 5, 1987. The Magistrate recommends that defendants' partial summary judgment be granted, that the petition for jury trial be stricken and that pendent jurisdiction over the state law claims be denied and dismissed without prejudice. Plaintiff filed an opposition to the Magistrate's Report and Recommendation on June 22, 1987, with respect to the dismissal of plaintiff's claim for compensatory damages and to the issue of pendent jurisdiction. Defendants replied to plaintiff's opposition on July 6, 1987. Defendants request the Court to adopt the Magistrate's Report and Recommendation and to issue a judgment dismissing plaintiff's request for compensatory damages pursuant to Title VII dismissing plaintiff's state law claims under Law 100 and Law 69 and striking plaintiff's request for jury trial.

Subsequently, a motion was filed by plaintiff requesting leave to file an amended complaint. Said motion was granted on August 6, 1987, and the tendered complaint was filed on August 7, 1987. The complaint was amended to include a claim of retaliation against plaintiff by her supervisor and her employer, in violation of 42 U.S.C.A. § 2000e–3 and to include an express allegation of "constructive discharge". The amended complaint has not changed the situation of facts and law existing at the time the defendants' motion for summary judgment was filed and at the time it was considered by the U.S. Magistrate with the resulting Report and Recommendation. Therefore, we are going to consider the Magistrate's Report and Recommendation and plaintiff's opposition thereto in relation to the amended complaint.

We will first consider the issue of whether plaintiff's claim for compensatory damages should be dismissed.

The amended complaint reads in part:

14. That the conduct of defendants jointly and severally caused the plaintiff severe emotional, mental anxiety, and emotional disturbances that have required medical treatment, for which she claims damages in the sum of $2,000,000.

15. That due to her loss of income or gainful employment since she is unable to pursue any type of employment, caused by Defendant's conduct, the plaintiff has suffered and will hereinafter suffer damages estimated at $650,000.00.

The majority of federal courts have held that Title VII does not permit awards of compensatory or punitive damages.

*Shah v. Mt. Zion Hospital & Medical Ctr.*, 642 F.2d 268, 272 (9th Cir.1981); *Bundy v. Jackson*, 641 F.2d 934, 946 n. 12 (D.C.Cir.1981); *Harrington v. Vandalia Butler Board of Education*, 585 F.2d 192, 194–97 (6th Cir.1978); *Pearson v. Western Electric*, 542 F.2d 1150, 1151–52 (10th Cir. 1976); *Miller v. Texas State Bd. of Barber Examiners*, 615 F.2d 650, 654 (5th Cir. 1980); *Richerson v. Jones*, 551 F.2d 918, 926–28 (3rd Cir.1977). *See also, Great American Federal Savings & Loan Association v. Novotny*, 442 U.S. 366, 374–75, 99 S.Ct. 2345, 2350, 60 L.Ed.2d 957 (1979) (in the context of a 1985 action the court compares recovery authorized pursuant to 42 U.S.C. § 2000e–5(g) and states: "The Act provides for injunctive relief, specifically including back pay relief. The majority of the federal courts have held that the Act does not allow a court to award general or punitive damages...."). *De Grace v. Rumsfeld*, 614 F.2d 796, 808 (1st Cir.1980); Larson, 2 Employment Discrimination, § 55.41 at 11–80.63.

■ Most of the cases seeking compensatory damages have been based on alleged emotional damage or pain and suffering. Larson, *supra*, § 55.43 at 11–80.69–80.71. Paragraph 14 of the amended complaint seeks compensatory damages based on emotional distress, mental anxiety and emotional disturbances which are not recoverable under Title VII. However, paragraph 15 of the amended complaint seeks damages for plaintiff's loss of income or gainful employment. The remedial section of Title VII expressly includes back pay among the equitable remedies which a court may award once it finds that an employer has violated the statute. In situations where reinstatement is impossible due to the hostile working environment, courts most commonly award "front pay", that is, compensation for loss of future earnings. *Vant Hul v. City of Dell Rapids*, 462 F.Supp. 828 (D.S.D.1978); *Fitzgerald v. Sirloin Stockade*, 624 F.2d 945 (10th Cir.1980); *EEOC v. Kallir, Phillips, Ross,*

*Inc.*, 420 F.Supp. 919 (S.D.N.Y.1976), *aff'd*, 559 F.2d 1203 (2nd Cir.1977), *cert. denied*, 434 U.S. 920, 98 S.Ct. 395, 54 L.Ed.2d 277 (1977). Front pay, like back pay, is an equitable remedy within the Court's discretion. Larson, 2 Employment Discrimination, § 55.41 at 11–80.61. Therefore, paragraph fifteen of the amended complaint is not subject to dismissal at this early stage of the proceedings.

■ We will now determine whether the court should exercise jurisdiction over the pendent state claims. In order to so determine the Court turns to the analysis used by the Supreme Court in *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). First, the Court must ascertain whether the federal claim is of sufficient substance to confer federal jurisdiction. Then, the Court must determine whether the federal and state claims arise out of a "common nucleus of operative fact [which the plaintiff] would ordinarily be expected to try ... in one judicial proceeding...." 383 U.S. at 725, 86 S.Ct. at 1138.

There is no dispute that plaintiff's Title VII claim is of sufficient substance to confer jurisdiction and that the same operative facts give rise to both the state claim and the federal claim.

*Gibbs* delineated the constitutional limits of federal judicial power under Article III of the Constitution. However, the existence of Article III power does not end the inquiry into whether a federal court has power to hear the nonfederal claims along with the federal ones. Beyond the "constitutional minimum" the Court must examine "the posture in which the nonfederal claim is asserted and of the specific statute that confers jurisdiction over the federal claim in order to determine whether 'Congress in [that statute] has ... expressly or by implication negated' the exercise of jurisdiction over the particular nonfederal claim." *Owen Equipment and Erection Co. v. Kroger*, 437 U.S. 365, 373, 98 S.Ct. 2396, 2402, 57 L.Ed.2d 274 (1978), *quoting, Aldinger v. Howard*, 427 U.S. 1, 18, 96 S.Ct. 2413, 2422, 49 L.Ed.2d 276 (1976). We must now consider whether the statute on

which federal jurisdiction is predicated either expressly or by implication excludes the state claim from federal court jurisdiction.

Various district courts have held that pendent state claims can never attach to Title VII claims because of the statute's procedural characteristics and limited remedial provisions.[1] *See, e.g., Frye v. Pioneer Logging Machinery, Inc.*, 555 F.Supp. 730, 733–34 (D.S.C.1983); *Bennett v. Southern Marine Management Co.*, 531 F.Supp. 115 (M.D.Fla.1982); *Jong-Yul Lim v. International Institute of Metropolitan Detroit*, 510 F.Supp. 722 (E.D.Mich.1981); *Kiss v. Tamarac Utilities, Inc.*, 463 F.Supp. 957 (S.D.Fla.1978).

Other district courts have held that a court in its discretion should not hear the claims because there is a likelihood of jury confusion and that the state issues will predominate. *See, e.g., Lazic v. University of Pennsylvania*, 513 F.Supp. 761, 769–70 (E.D.Pa.1981).

The analysis the courts have used to find a congressional intent in Title VII against entertaining state claims begins by noting that the relief which Congress has provided under Title VII is equitable in nature, including only reinstatement, back pay and front pay. *See,* 42 U.S.C. § 2000e–5(g); *De Grace v. Rumsfeld, supra.* The joinder of state law claims, under which a plaintiff might be entitled to compensatory and punitive damages, would directly conflict with the congressional intent of limited relief. *Frye v. Pioneer Logging Machinery, Inc.*, 555 F.Supp. at 733, *citing, Lim*, 510 F.Supp. at 725.

There are several procedural provisions of Title VII strongly supporting the finding of a congressional negation of the exercise of pendent jurisdiction. Foremost are the Congressional mandates that Title VII cases be tried to a judge, not a jury, and that such actions be expedited. See 42 U.S.C. § 2000e–5(f)(4)–(5).

Similar to the *Frye* case, the state law claims in the case at bar are inconsistent with and would tend to subvert Title VII policies, rights and remedies. Plaintiff Iris D. Guzmán Robles appended to her Title VII action sexual harassment claims under two different state statutes. These state statutes if tried in the federal court would support a right to a jury trial prohibited under Title VII. The state action under Law 100 provides a basis for punitive damages and *quare* if for compensatory damages. *Odriozola v. S. Cosmetic Dist. Corp.*, 116 D.P.R. 485, 508 n. 10 (1985). The claim under Law 69 of July 6, 1985, allows for punitive damages, see, 29 L.P.R.A. § 1341, and could allow for compensatory damages. At present there is no case law that could shed any light on what type of damages are available under Law 69. The provision for compensatory and punitive damages is in direct conflict with the congressional intent of only "equitable" relief under Title VII. *United States v. Long*, 537 F.2d 1151, 1154 (4th Cir.1975).

The Court concludes that Title VII and its judicial history reveal an implied congressional command negating pendent jurisdiction over the particular nonfederal claims set forth in plaintiff's complaint. *Frye*, 555 F.Supp. at 734.

Even assuming that the Court has the power to hear the pendent state claims, it does not follow necessarily that the Court must hear those claims. The exercise of pendent jurisdiction is committed to the discretion of the district court. *See, United Mine Workers v. Gibbs*, 383 U.S. at 726, 86 S.Ct. at 1139.

The Supreme Court in *Gibbs* identified a number of factors that counsel against the exercise of jurisdiction over pendent state claims. Discretion to dismiss state claims should be exercised: (1) when considerations of judicial economy, convenience and fairness to litigants are not present; (2) when a surefooted reading of applicable state law can be obtained in a

---

1. Although we recognize that other lower federal courts have upheld pendent jurisdiction in Title VII actions, *see, Guyette v. Stauffer Chemical Co.*, 518 F.Supp. 521 (D.N.J.1981), the Court follows the reasoning of those cases that have negated pendent jurisdiction over the state claims in Title VII actions.

state court; (3) when state issues predominate in terms of proof, scope of issues raised, or comprehensiveness of remedies sought; and (4) when divergent state and federal claims and theories are likely to cause jury confusion. *See,* 383 U.S. at 726–27, 86 S.Ct. at 1139. *See also, Ritter v. Colorado Interstate Gas Co.,* 593 F.Supp. 1279 (D.C.Colo.1984). Assuming that the Court has the power to adjudicate, consideration of some of these factors would compel the Court to decline to exercise pendent jurisdiction over the state claims.

Plaintiff's pendent claims would involve the Court in needless decisions of state law which could be decided on surer-footing by a state court. The Supreme Court of Puerto Rico has not decided whether under Law 100 compensatory damages for emotional distress are available to an employee who has been discharged for discriminatory reasons. *Odriozola v. S. Cosmetic Dist. Corp., supra.* The claim based on Law 69, a recently enacted law on which there is presently no case law, would involve a multiple of unexplored and necessarily unresolved questions of state law. *Jong-Yul Lim v. International Institute of Metropolitan Detroit,* 510 F.Supp. at 726. The fact that plaintiff's pendent claims would involve the Court in needless decisions of state law is reason to decline to exercise pendent jurisdiction over those claims. *See, e.g., Sanders v. Duke University,* 538 F.Supp. 1143, 1148 (M.D.N.C.1982); *Morgan v. Sharon Pennsylvania Board of Education,* 445 F.Supp. 142 (W.D.Pa.1978); *Johnson v. University of Pittsburgh,* 435 F.Supp. 1328 (W.D.Pa.1977).

Finally, plaintiff has no objection that the petition for jury trial be stricken or denied for Title VII plaintiffs are not entitled to a jury trial. *Lehman v. Nakshian,* 453 U.S. 156, 164, 101 S.Ct. 2698, 2703, 69 L.Ed.2d 548 (1981); *Great American Federal Savings & Loan Assoc. v. Novotny,* 442 U.S. 366, 375, 99 S.Ct. 2345, 2350, 60 L.Ed.2d 957 (1979).

For the foregoing reasons the Magistrate's Report and Recommendation is ADOPTED or APPROVED IN PART as to dismissing plaintiff's claim for compensatory damages for emotional distress, mental anxiety, and emotional disturbances (Paragraph 14 of the amended complaint); as to dismissing without prejudice the pendent state claims; and as to striking the petition for jury trial. The Magistrate's Report and Recommendation is DENIED IN PART as to dismissing plaintiff's claim for damages (Paragraph 15 of the amended complaint) for it could consist of back pay and front pay, which are available under a Title VII action.

IT IS SO ORDERED.