**Patricia CURTIN**

v.

**HADCO CORPORATION.**

**No. C86–514–L.**

United States District Court, D. New Hampshire.

Dec. 18, 1987.

Devine, Millimet, Stahl & Branch, PA by Martha V. Gordon, Manchester, N.H., for plaintiff.

Homans, Hamilton, Dahmen & Marshall by Patricia Randall, Boston, Mass., Orr and Reno, PA by Paul Barbadoro, Concord, N.H., for defendant.

ORDER ON MOTION TO DISMISS

LOUGHLIN, District Judge.

This is a sex discrimination in employment case. Plaintiff, Patricia Curtin, had been employed by defendant, Hadco Corp., from November, 1982 through April 4, 1985. She alleges in counts I and II of her original complaint that defendant discriminated against her on the basis of her sex in violation of Title VII of the Civil Rights act of 1964, as amended, 42 U.S.C. § 2000e et seq., and the Equal Pay Act, 29 U.S.C. § 201 et seq. On October 26, 1987, plaintiff amended her original complaint and added count III, breach of contract, and count IV, intentional infliction of emotional distress.

Defendant Hadco moves to dismiss counts III and IV of plaintiff's complaint. Specifically, defendant contends that counts III and IV are state claims that do

not present a proper or sufficient basis for the discretionary exercise of pendent jurisdiction. Furthermore, defendant contends that even if pendent jurisdiction is utilized, a dismissal is proper since counts III and IV of plaintiff's complaint have failed to state a claim upon which relief may be granted. This court has jurisdiction under 42 U.S.C. § 2000e–5(f), and 29 U.S.C. § 216(b).

*Facts*

In November of 1982, plaintiff began her employment at Hadco as a personnel administrator in the Human Resource Department at Hadco's Derry, New Hampshire facility. Her starting salary was $19,500 and plaintiff received a merit increase on May 2, 1983, thus increasing her salary to $21,000. On January 2, 1984, plaintiff was promoted to supervisor. Her starting salary as supervisor was $22,500 and she received a merit increase in March of 1984, increasing her salary to $26,000. On September 1, 1984, plaintiff replaced Larry Asbury as manager and her salary was increased to $28,200. Plaintiff alleges that Asbury, a male, assumed the position of manager in August of 1982 at a starting salary of $35,000 and when he left the position his salary was $41,420. The manager of Human Resources was responsible for developing and administering wage and salary training, health and employee relation policies and procedures at the Derry facility. Plaintiff alleges that her duties as manager involved equal skill, effort and responsibility as the duties performed by Asbury during his employment.

Plaintiff alleges that in late February, 1986, a corporate director of Hadco (Burns) informed her that she would have to accept a lateral transfer to a position of Human Resources Manager at Hadco's Salem facility or accept a demotion to Administrator in Derry. It is further alleged that Burns indicated that plaintiff's position would be filled by a male since "a woman could not handle a 750 manufacturing plant" and therefore, "the Derry Human Resource Manager needed to be a man." *Complaint* p. 5. Plaintiff accepted the transfer. While plaintiff was still a supervisor at the Derry facility, a female staff member left the department and without informing plaintiff, Burns interviewed and hired a male employee to replace the female who left. The newly acquired male employee was given the title of Senior Human Resource Administrator and was paid an annual salary of $34,000—$5,800 more than the plaintiff, his supervisor.

Plaintiff left the Derry facility and was eventually replaced by a male, whose starting salary as manager was $43,400—$15,200 more than plaintiff was paid for the same work.

On April 4, 1985, plaintiff was fired. Thereafter, on October 4, 1985 plaintiff filed a written charge of discrimination with the Equal Opportunity Employment Commission in Boston. On September 30, 1986, plaintiff received her "right to sue" letter. Plaintiff's complaint, filed October 26, 1986, presents both state and federal claims.

*Issue*

Defendant's motion to dismiss presents two issues for consideration. (1) Whether or not this court should exercise pendent jurisdiction over plaintiff's state law claims for breach of contract and intentional infliction of emotional distress; and (2) whether or not plaintiff's state law claims allege grounds upon which relief may be granted.

Since this court refuses to grant pendent jurisdiction, the court's scrutiny turns only on defendant's first issue.

*Pendent Jurisdiction*

Defendant is of the opinion that Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., precludes the court from exercising pendent jurisdiction over state law claims and, in the alternative, would render inappropriate the exercise of pendent jurisdiction. Specifically, defendant contends that Title VII and its judicial history proscribe an implied congressional command negating pendent jurisdiction in Title VII based actions. Defendant points to decisions from various district courts in support of such a contention.

Courts that have negated pendent jurisdiction in Title VII actions are of the opin-

ion that the statutes exclusion of legal remedies, specific procedural limitations and intended expeditious manner of processing explicitly or implicitly signify a congressional intent to prohibit the doctrine of pendent jurisdiction. *See Jong–Yul Lim v. International Inst. of Metro. Detroit,* 510 F.Supp. 722, 725–26 (E.D.Mich.1981). Defendant concedes that a number of courts have asserted pendent jurisdiction over state claims in Title VII action. *See e.g., Jones v. Intermountain Power Project,* 794 F.2d 546 (10th Cir.1986). Defendant, however, claims that since there is no precedent in this jurisdiction concerning the preclusion of pendent jurisdiction in Title VII actions, this court should adopt the rationale of *Jong–Yul Lim, supra.*

This court agrees with *Mongeon v. Shellcraft Indus., Inc.,* 590 F.Supp. 956, 958 (D.Vt.1984) in believing that the decisions of various district courts have been inconsistent in large part because of the apparent confusion as to the appropriate test for pendent jurisdiction as well as its application. Specifically, the courts that have exercised pendent jurisdiction in Title VII cases have relied on the test of *United Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). The courts that are not in accord with this view, and thus deny pendent jurisdiction, rely on the test expressed in *Owen Equip. and Erection Co. v. Kroger,* 437 U.S. 365, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978). This court opines that both *Gibbs* and *Kroger* are consistent and, as applied to pendent jurisdiction claims, should be read together to form a three part test.

It was held in *Gibbs* that in order to assert pendent jurisdiction the district court must first find that the federal claim is substantial and the non-federal claims derive from a "common nucleus of operative facts." *Gibbs,* 383 U.S. at 725, 86 S.Ct. at 1138. Upon such a finding, the court makes an essentially discretionary judgment as to whether exercising pendent jurisdiction would serve the interests of judicial economy, convenience, fairness to the parties, comity, whether a novel interpretation of state law is required and the possibility of jury confusion. *Id.* at 726–27, 86

S.Ct. at 1139. The first two parts of the test, therefore, are case-specific. *Mongeon,* 590 F.Supp. at 958. The third and final part of the test involves statutory construction. The Supreme Court in *Kroger* held that:

> [T]he test of *Gibbs* does not end the inquiry into whether a federal court has power to hear the nonfederal claims along with the federal ones. Beyond this constitutional minimum, there must be an examination of the posture in which the nonfederal claim is asserted and of the specific statute that confers jurisdiction over the federal claim, in order to determine whether 'Congress in [that statute] has ... expressly or by implication negated' the exercise of jurisdiction over the particular nonfederal claim.

*Kroger,* 437 U.S. at 373, 98 S.Ct. at 2402 (quoting *Aldinger v. Howard,* 427 U.S. 1, 18, 96 S.Ct. 2413, 2422, 49 L.Ed.2d 276 (1976)). Therefore, the third-part of the test comes into play when the court, in its discretion believes that pendent jurisdiction is appropriate. With this three part test in mind, the court will address defendant's assertion.

It is indisputed that this court has the power to exercise pendent jurisdiction over the state claim because the federal claims derive from a "common nucleus of operative facts." Defendant, however, argues that the second step in the pendent jurisdiction test is not satisfied. Specifically, defendant contends that plaintiff's claims for breach of contract and intentional infliction of emotional distress involve unsettled questions of New Hampshire law and would have the effect of injecting substantial new issues into the proceedings. Thus, the factors of judicial economy, comity, convenience and fairness to the litigants, and the possibility of jury confusion necessitate discretionary dismissal in this Title VII action.

In applying the second step, the first consideration is whether judicial economy and fairness to the litigants will be fostered by exercising pendent jurisdiction. In the instant case, the defenses and the remedies differ substantially between the

state and federal claims. Defendant's defense to plaintiff's claim for breach of contract is that an implied in law contract never existed, and thus no covenant of good faith was breached. Defendant's defense to plaintiff's claim for intentional infliction of emotional distress is that defendant's activities were not "extreme and outrageous" and that plaintiff didn't suffer severe emotional distress. Finally, Title VII limits recovery to back pay and reinstatement or "front pay". 42 U.S.C. § 2000e–5(g); *Goss v. Exxon Office Sys. Co.*, 747 F.2d 885, 889–90 (3rd Cir.1984). The state claims, however, provide for actual and compensatory damages. Therefore, "[t]here is a great discrepancy between the relatively limited equitable relief available under Title VII (reinstatement and back pay) and the much broader relief sought under ... [plaintiff's] state causes of action...." *Bouchet v. National Urban League, Inc.* 730 F.2d 799, 805 (D.C. Cir.1982) (opinion by Scalia, J.).

The second consideration is whether a novel interpretation of state law is required. Aptly put, "pendent state law claims arising in context of federal civil rights actions will almost inevitably involve ... difficult and unsettled questions of state law." *Aldinger v. Howard*, 427 U.S. 1, 6, 96 S.Ct. 2413, 2416, 49 L.Ed.2d 276 (1976). This case is no exception. There are substantial unresolved state law questions. In particular, New Hampshire courts have not determined whether federal and state statutory remedies preempt common law actions based on unlawful sex discrimination. The New Hampshire Supreme Court has specifically said that "[t]he proper remedy for an action for unlawful age discrimination is provided for by statute." *Howard v. Dorr Woolen Co.*, 120 N.H. 295, 297, 414 A.2d 1273, 1274 (1980) (*citing* RSA 354–A:8 I (Supp. 1979), :9; 29 U.S.C. §§ 623, 626 (1976)). In the interest of comity, this court must reserve judgment on whether the proper remedy for an action for unlawful sex discrimination is provided by statute.

In *Monge v. Beebe Rubber Co.*, 114 N.H. 130, 316 A.2d 549 (1974), plaintiff, a female employee, was fired because she wasn't "nice" to her foreman and because she refused to go out with him. *Id.* at 131, 316 A.2d at 550. Inasmuch as plaintiff sued for breach of an employment contract, the New Hampshire Supreme Court held that where there was sufficient evidence to support the jury's finding that defendant acted maliciously in terminating plaintiff's employment, damages were recoverable. *Id.* at 134, 316 A.2d at 552. However, in *Howard v. Dorr Woolen*, the New Hampshire Supreme Court specifically stated that it construes *Monge* "to apply only to a situation where an employee is discharged because he performed an act that public policy would encourage, or refused to do that which public policy would condemn." *Howard v. Dorr Woolen*, 120 N.H. at 297, 414 A.2d at 1274. It is not clear, therefore, whether the plaintiff in the instant case has a claim for breach of an employment-at-will contract.

Another unresolved issue of state law is whether the New Hampshire Workers Compensation Statute is applicable to the case at bar. The workers compensation statute exclusivity provision would negate a claim for intentional infliction of emotional distress if plaintiff's injuries were accidental as defined in N.H.R.S.A. § 281:2(V). Again, this issue must be deferred to state courts as a matter of comity. Therefore, because novel interpretations of state law are necessary in this case, principles of comity indicate that the appropriate forum to litigate plaintiff's state claim is in the state court.

The final consideration is whether there is a likelihood of jury confusion should the pendent state claims be tried with the federal claim. The likelihood of jury confusion "should prompt district judges to refuse to exercise jurisdiction over the pendent claims." *Aldinger v. Howard*, 513 F.2d 1257, 1261 (9th Cir.1976), *aff'd*, 427 U.S. 1, 96 S.Ct. 2413, 49 L.Ed.2d 276 (1976). Courts that have concluded that jury confusion is not a problem have done so because factual matters were similar, defenses to all of the claims were identical, and there were no novel issues of state law. *See Medina v. Spotnail Inc.*, 591 F.Supp. 190,

195 (N.D.Ill.1984). Conversely, this case involves different defenses for each claim, varying remedies under the federal and state claims, as well as novel issues of state law. Furthermore, these state law claims are "inconsistent with and would tend to subvert Title VII policies, rights, and remedies." *Frye v. Pioneer Logging Machinery, Inc.*, 555 F.Supp. 730, 734 (D.S. C.1983).

Therefore, in this court's discretion, plaintiff has failed to meet the second step in the three part pendent jurisdiction test. An analysis into the preclusionary effect of the Title VII statute is not necessary. The interest of judicial economy, convenience and fairness to the litigants and the interests of the jury will best be served by severing the pendent state law claims. Accordingly, the court declines to exercise pendent jurisdiction over Counts III and IV of plaintiff's complaint. Defendant's Motion to Dismiss (Doc. # 10) is hereby granted.