**Connie FLOWERS, Plaintiff,**

v.

**Robert REBO, Individually and In His Official Capacity, and Cliff Peck Chevrolet, Defendants.**

**No. LR-C-87-642.**

United States District Court,
E.D. Arkansas, W.D.

Dec. 29, 1987.

John Walker, Little Rock, Ark., for plaintiff.

Ruth W. Woodling, Fisher & Phillips, Atlanta, Ga., for defendants.

## MEMORANDUM AND ORDER

HENRY WOODS, District Judge.

Pending now is the joint motion of the defendants, Robert Rego and Cliff Peck Chevrolet, to dismiss the plaintiff's state law claim of intentional infliction of emotional distress (outrage) for lack of jurisdiction. For the reasons that follow the motion is denied.

The plaintiff, Connie Flowers, a white female, brought this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. In her complaint she alleged, *inter alia*, that she was discharged by the defendant Cliff Peck Chevrolet in retaliation for her complaints of sexual harassment by the defendant Robert Rego, a male co-worker. She further alleged that the conduct of the defendants which formed the basis of her Title VII action also constituted the tort of intentional infliction of emotional distress (outrage) as defined by Arkansas law. The defendants have moved to dismiss arguing that the court, in this Title VII case, is without power to exercise pendent jurisdiction over the state law claim. In the alternative the defendants argue that the court's power to exercise pendent jurisdiction is discretionary and that jurisdiction should be declined.

The defendants rely on *Jong–Yul Lim v. International Institute of Metropolitan Detroit*, 510 F.Supp. 722 (E.D.Mich.1981), in which the district court held that it was without power to exercise jurisdiction over pendent state law claims in a Title VII case.[1] The court reasoned that, in addition to the two-pronged test set forth in *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966),[2] in deciding whether it has power to exercise pendent jurisdiction over state law claims there must also be an examination of the statutory grant of jurisdiction. *See Aldinger v. Howard*, 427 U.S. 1, 96 S.Ct. 2413, 49 L.Ed.2d 276 (1976); *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978).

---

1. Other district courts have adopted the reasoning of *Lim. See, e.g.: Kiss v. Tamarac Utilities, Inc.*, 463 F.Supp. 951 (S.D.Fla.1978); *Bennett v. Southern Marine Management Co.*, 531 F.Supp. 115 (M.D.Fla.1982); *Hoferek v. University of Missouri*, 604 F.Supp. 938 (W.D.Mo.1985); *Frye v. Pioneer Logging Machinery*, 555 F.Supp. 730 (D.S.C.1983); *Davis v. Devereux Foundation*, 644 F.Supp. 482 (E.D.Pa.1986); *Guzman Robles v. Cruz*, 670 F.Supp. 54 (D.Puerto Rico 1987); *Barbetta v. Chemlawn Services Corp.*, 669 F.Supp. 569 (W.D.N.Y.1987) (refused to exercise discretionary pendent jurisdiction in Title VII case).

2. *Gibbs* held that federal courts must first determine the existence of judicial power to hear pendent state claims, and then determine whether to exercise that power. Judicial power exists when there is a substantial federal claim, both the state and federal claims derive from a common nucleus of operative fact and the claims are such that they would ordinarily be expected to be tried in one proceeding. In deciding the proper exercise of discretion, the court must consider judicial economy, convenience and fairness to the litigants. The relevant factors are whether pendent claims present unsettled issues of state law, whether state law claims will predominate, and whether jury confusion is likely to result. 383 U.S. at 725–27, 86 S.Ct. at 1138–39.

After examining Title VII, and in specific focusing on the limited nature of relief under that statute,[3] the *Lim* court concluded that Congress had impliedly negated the exercise of pendent jurisdiction over non-federal claims.

This court declines to follow *Lim* and other cases adopting its reasoning, finding the reasoning in *Jones v. Intermountain Power Project*, 794 F.2d 546 (10th Cir.1986) to be more persuasive.[4] In *Jones* the court stated that

[o]ur 'examination of the ... specific statute that confers jurisdiction over the federal claim' reveals nothing to suggest an intent to negate pendent jurisdiction. When Title VII is construed together with the long-standing presumption in favor of pendent jurisdiction and district courts' broad discretion to assume jurisdiction over pendent claims, we find nothing unclear about Title VII. Against the backdrop of the volume of pendent jurisdiction cases, one would be surprised if Congress did not deal expressly with the issue if it intended to change the general law. It did not do so here.

. . . .

Moreover, Congress has twice rejected amendments making Title VII an exclusive remedy. Additionally, the Supreme Court has held that Title VII claims may be joined with other federal claims for discrimination even though the other federal claims provide for a jury trial and a full range of legal as well as equitable remedies.

. . . .

The notion that expedited disposition is one of the congressional objectives in Title VII cases is too thin a reed on which to hang some imagined congressional intent to repeal pendent claims jurisdiction. *Id.* at 552. (citations omitted)

Accordingly, the court finds that it has the power to hear the plaintiff's pendent state law claim and now must decide whether that jurisdiction should be exercised. *See United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726–27, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966). The court must determine whether considerations of judicial economy, convenience and fairness to the litigants will be served by trying the state and federal claims in one proceeding. Other relevant considerations are whether the pendent claims present unsettled questions of state law, whether the state law claims will predominate and whether jury confusion is likely to result. *Id.* at 725–27, 86 S.Ct. at 1138–39.

Because the plaintiff's Title VII and state law claims are premised on the same allegations of fact and would involve testimony by the same witnesses, the court finds that judicial economy, convenience and fairness to the litigants would best be served by trying both claims in one proceeding. *See Phillips v. Smalley Maintenance Services, Inc.*, 711 F.2d 1524 (11th Cir.1983) (no abuse of discretion to hear state law claims of tortious invasion of privacy and battery pendent to a Title VII case). It is unlikely that the state law claim will predominate as the Title VII claim alleged is not unsubstantial.[5] Moreover, the pendent claim is based upon well-settled state law.[6]

---

**3.** Relief under Title VII is equitable in nature and, procedurally, Title VII cases are tried non-jury and are to be expedited. *Lim,* 510 F.Supp. at 725–26.

**4.** *See also Glezos v. Amalfi Ristorante Italiano, Inc.,* 651 F.Supp. 1271 (D.Md.1987) and *Yousef v. Borman Foods, Inc.,* 667 F.Supp. 443 (E.D. Mich.1987) following the reasoning in *Jones* and rejecting *Lim.*

**5.** The Eighth Circuit has identified five elements of a sexual harassment claim under Title VII. The plaintiff must allege and prove that (1) she belongs to a protected group, (2) she was subject to unwelcome sexual harassment, (3) the harass-

ment was based on sex, (4) the harassment affected a term or condition of employment and (5) the employer knew or should have known of the harassment in question and failed to take proper remedial action. *Moylan v. Maries County,* 792 F.2d 746 (8th Cir.1986) (citing *Henson v. City of Dundee,* 682 F.2d 897 (11th Cir. 1982)).

**6.** In *M.B.M. Co., Inc. v. Counce,* 268 Ark. 269, 596 S.W.2d 681 (1980), the Supreme Court of Arkansas recognized the tort of intentional infliction of emotional distress. The tort was defined as willful or wanton conduct that is so outrageous in character, and so extreme in de-

Lastly, the prospect of jury confusion is not great. Juries in federal courts routinely hear cases presented under 42 U.S.C. §§ 1981 and 1983, for example, while a Title VII case is being tried simultaneously to the court. The Eighth Circuit's confidence in the jury's ability to correctly separate the issues under these circumstances was evidenced in its decision in *Garza v. City of Omaha*, 814 F.2d 553, 557 (8th Cir.1987), in which it held that a jury verdict on the issue of discriminatory intent in the § 1983 case collaterally estops the court from reaching an inconsistent conclusion in the Title VII case. That court has also said that where pendent state claims are sufficiently interrelated with § 1981 and Title VII claims, as required by *Gibbs*, "then the plaintiff should not be forced to sue in two different courts." *Thompkins v. Stuttgart School Dist. No. 22*, 787 F.2d 439, 442–43 (8th Cir.1986).[7]

Therefore, the court finds that it should properly exercise pendent jurisdiction over the plaintiff's state law claim for intentional infliction of emotional distress and that the defendants' motion to dismiss same should be, and IS HEREBY ORDERED DENIED.

gree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized society. This definition has since been incorporated into an Arkansas Model Jury Instruction. *See AMI Civil 2d*, 404 (Supp.1986).

7. In *Thompkins* the Eighth Circuit held that in a case filed under both Title VII and 42 U.S.C. § 1981 the district court could properly have exercised pendent jurisdiction over a state law claim. The court also said, in dicta, that if the case had presented only a Title VII claim and a pendent state law claim, the rationale of the [*Lim*] case "might be more persuasive." This court gives little weight to the dicta in *Thompkins*, however, because the issue here was not squarely before that court and because the Tenth Circuit, in *Jones v. Intermountain Power Project*, 794 F.2d 546 (10th Cir.1986), subsequently analyzed the issue at length and rejected *Lim*.