**Rafael A. ROSA, Plaintiff,**

v.

**BURNS & ROE SERVICES CORP., Defendant.**

**Civ. No. 89–1048 HL.**

United States District Court, D. Puerto Rico.

Dec. 11, 1989.

---

Angel L. Morales Rodriguez, Rafael Medina Zerpa, Hato Rey, P.R., for plaintiff.

Jaime Brugueras, Ramirez & Ramirez, Hato Rey, P.R., for defendant.

1. Puerto Rico Law 100, of June 30, 1959, 29 L.P.R.A. 146, *et seq.* ("Law 100") creates a claim of relief similar to Title VII. Law 100 states in pertinent part:

   Any employer who discharges, lays off or discriminates against an employee regarding his salary, wage, pay or renumeration, terms, rank, conditions, or privileges or his work, or who fails or refuses to hire or rehire a person, or who limits or classifies his employees in any manner which tends to deprive a person of employment opportunities, or to affect his status as employee, on the basis of age, as defined hereinafter, race, color, sex, social or national origin or social position, political or religious beliefs or the employee or applicant for employment: (a) shall incur civil liability

   . . .

## OPINION AND ORDER

LAFFITTE, District Judge.

Defendant has moved to dismiss plaintiff's pendent claim under the Puerto Rico Anti–Discrimination statute, Law 100.[1] Plaintiff opposes the motion on the grounds that this court has the discretion to accept jurisdiction pendent to the plaintiff's Title VII claim for employment discrimination on the basis of national origin.[2] We agree with the plaintiff and deny the defendant's motion.

Defendant gives four reasons why this court should dismiss the pendent claim. First, he argues that Congress negated pendent jurisdiction under Title VII claims. He then argues that this court in its discretion under *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), should decline pendent jurisdiction for three reasons: 1) Law 100 will create a right to a trial by jury disallowed by Title VII; 2) the difference in the burden of proof between the Title VII claim and the Law 100 claim will unfairly confuse the jury; and 3) a Law 100 claim will subvert Title VII's policy of excluding emotional and punitive damages. We will address each argument separately.

First, there is no clear congressional mandate negating pendent jurisdiction under Title VII. Some district courts, however, have held that when federal jurisdiction is based on Title VII, there can be no pendent jurisdiction over state law claims that differ from Title VII in procedures and

29 L.P.R.A. sec. 146.

2. Defendant asserts that plaintiff has failed to explicitly state any basis, pendant or otherwise, for jurisdiction of the Law 100 claim, and therefore should be dismissed under the well-pleaded complaint rule. We, however, find no basis to this argument being that the plaintiff sufficiently asserted pendent jurisdiction in Paragraph 19 of the complaint. Here the plaintiff alleges, although somewhat inarticulately, that the second claim for relief under Law 100 "arises from the same set of operative facts" as the Title VII claim "brought by virtue of the federal question jurisdiction statute, 28 U.S.C. Section 1331." Therefore we proceed to the merits of the argument requesting dismissal of the pendent jurisdiction claim.

remedies. *See, e.g., Guzman Robles v. Cruz,* 670 F.Supp. 54 (D.P.R.1987); *Haroldson v. Hospitality Systems, Inc.,* 596 F.Supp. 1460 (D.Colo.1984); *Frye v. Pioneer Logging Machinery, Inc.,* 555 F.Supp. 730, 733–734 (D.S.C.1983); *Bennet v. Southern Marine Management Co.,* 531 F.Supp. 115 (M.D.Fla.1982). However, other district courts have upheld their power to hear pendent claims in Title VII actions. *See, e.g., Flowers v. Rego,* 675 F.Supp. 1165 (E.D.Ark.1987); *Guyette v. Stauffer Chemical Co.,* 518 F.Supp. 521 (D.N.J. 1981).

While pendent jurisdiction may not be exercised when Congress has intended to deny it, *Owen Equipment and Erection Co. v. Kroger,* 437 U.S. 365, 373, 98 S.Ct. 2396, 2402, 57 L.Ed.2d 274 (1978), only a few appellate court have directly addressed the issue of whether Congress implicitly intended to deny pendent jurisdiction over state legal claims under Title VII. In *Jones v. Intermountain Power Projects,* 794 F.2d 546 (10th Cir.1986), the Tenth Circuit noted that the Title VII statute "reveals nothing to suggest an intent to negate pendent jurisdiction." *Id.* at 552. *See also Phillips v. Smalley Maintenance Services, Inc.,* 711 F.2d 1524, 1531 (11th Cir.1983) (holding that the district court has "power" to hear state law claims where Title VII claim asserted). *Cf. Bouchet v. National Urban League,* 730 F.2d 799, 805–806 & n. 2 (D.C.Cir.1984); *Curtin v. Hadco Corp,* 676 F.Supp. 408, 410 (D.N. H.1987) (holding that discretionary denial of pendent jurisdiction is justified, but not deciding whether such denial is mandated by Congress).[3]

We agree with the reasoning in *Jones,* that given the longstanding presumption in favor of pendent jurisdiction and district court's broad discretion to assume pendent jurisdiction, Congress did not intend that plaintiffs bifurcate their case when they bring state claims arising from the same set of operative facts as the Title VII claim. 794 F.2d at 552. Therefore, the proper test for deciding to assume the Law 100 claim is the test under *Gibbs* which leaves the decision whether to exercise pendent jurisdiction to the discretion of the trial court. 383 U.S. at 726, 86 S.Ct. at 1139.

■ In making its decision, the trial court must consider whether the federal claim is substantial, whether the federal and state claims derive from a common nucleus of operative fact, whether the claims would normally be expected by be tried together, and whether judicial economy, fairness, and convenience would all be served by hearing the state claims in the federal proceeding. *Id.* at 725, 86 S.Ct. at 1138; *Kitchen,* 825 F.2d at 1009. It is undisputed that Title VII is of sufficient substance to confer jurisdiction and that the same operative facts of discrimination based on national origin give rise to both the state claim and the federal claim. *See Guzman Robles,* 670 F.Supp. at 45; *Glezos v. Amalfi Restaurante Italiano,* 651 F.Supp. 1271, 1274 (D.C.Md.1987).

Contrary to what defendant has asserted, juries in federal courts routinely hear cases for pendent state claims or for other federal claims such as Section 1983 which allow a jury, at the same time the court tries a Title VII claim. *See Brown v. Trustees of Boston University,* 891 F.2d 337, 344 (1st Cir.1989) (affirming jury trial for state contract claims proceeding simultaneously with Title VII claims); *see also Rodriquez v. Comas,* 888 F.2d 899 (1st Cir.1989); *Flowers v. Rego,* 675 F.Supp. at 1168. It is well-settled that Title VII claims may be joined with other federal claims even though the other federal claims provide for a full range of legal as well as equitable remedies. *Jones,* 794 F.2d at 552. There is simply no basis to presume that the jury will be confused or that the

---

**3.** Other appellate courts have sympathized with the rationale of declining pendent jurisdiction under Title VII, but have distinguished it where Title VII is accompanied by another federal claim which allows a trial by jury or damages similar to the state law claim. *See Kitchen v. Chippewa Valley Schools,* 825 F.2d 1004 (6th Cir.1987) (pendent jurisdiction allowed where section 1983 claim accompanied Title VII claim); *Thompkins v. Stuttgart School District,* 787 F.2d 439 (8th Cir.1986) (state law claim allowed under Title VII as well as section 1981 claim).

different remedies available under Law 100 and Title VII will undermine Title VII. *See Wildman v. Lerner,* 771 F.2d 605 (1st Cir. 1985) (district court correctly explainted burden of proof applicable to federal and Puerto Rican discrimination claims tried together and instructions were sufficient to enable jury to apply them correctly).[4]

Furthermore, by assuming the Law 100 claims, this court will not be presented with unsettled questions of state law. *Aldinger v. Howard,* 427 U.S. 1, 6, 96 S.Ct. 2413, 2416, 49 L.Ed.2d 276 (1976); *Flowers,* 675 F.Supp. at 1167; *Curtin,* 676 F.Supp. at 411. Unlike the case in *Guzman Robles,* where the district court declined pendent jurisdiction in part because the issue of what type of damages were available under Law 100 was unsettled, 670 F.Supp. at 58, the issue is now settled. *See Garcia Pagan v. Shirley Caribbean,* — D.P.R. —, 88 J.T.S. 101 (June 30, 1988) (Supreme Court of Puerto Rico held Law 100 allows compensatory damages for emotional distress). The Law 100 claim will not involve the Court in "needless decisions of state law" and will be on as sure footing as the state court. *Guzman Robles,* 670 F.Supp. at 58.

Where the factual issues are likely to be the same for both claims, the same witnesses and testimony presented and similar defenses for both claims, economy and convenience will surely be served by trying both claims in federal court. *Gibbs,* 383 U.S. at 725–727, 86 S.Ct. at 1138–1139; *Guyette,* 518 F.Supp. at 525 (pendent jurisdiction allowed where Title VII sexual harassment claims joined similar state tort claims).

WHEREFORE, this court finds that it should exercise pendent jurisdiction over the plaintiff's state law claim under Law 100 and the defendant's motion to dismiss is hereby Denied.

IT IS SO ORDERED.

---

**4.** Title VII only provides for equitable relief including back pay and reinstatement, while Law 100 allows compensatory and punitive damages for emotional distress. This Court can properly instruct the jury as to damages and to differing burdens of proof to avoid any confusion.