Timothy W. LUNCSFORD, Plaintiff,

v.

Crispus C. NIX, Paul Hedgepeth, and Jim Helling, Defendants.

Civ. No. 4–92–CV–80397.

United States District Court, S.D. Iowa, C.D.

April 8, 1994.

Philip B. Mears, for plaintiff.

Kristin W. Ensign, Asst. Atty. Gen., for defendants.

---

## ORDER ON PLAINTIFF'S MOTION
## TO AMEND PLEADINGS

BREMER, United States Magistrate Judge.

This matter comes before the Court on Plaintiff's resisted motion to amend.

## FACTUAL AND PROCEDURAL
## BACKGROUND

On June 24, 1992, Timothy Luncsford, an inmate at Iowa State Penitentiary (ISP), filed a complaint pursuant to 42 U.S.C. § 1983. Luncsford alleges that on March 16, 1992, he was attacked by another ISP inmate, resulting in serious injury. Luncsford claims Defendants violated his Eighth Amendment rights because the attack was the result of their March 12, 1992 decision to place him in general population at ISP even though they knew he had an enemy housed in general population. This matter was referred to the undersigned United States Magistrate pursuant to 28 U.S.C. § 636(b)(1)(B).

On March 14, 1994, Luncsford filed this motion to amend his complaint to add a count of negligence, and to add additional defendants who were involved in the decision-making process relating to his placement in the general population. Luncsford requested in his motion to amend to include as a defendant the State of Iowa, pursuant to Iowa Code 669 (1993), in its capacity as the legal entity responsible for the negligent action or non-action of its employees.

Luncsford has complied with the appropriate prerequisites of the Iowa State Tort Claims Act, Iowa Code Chapter 669 (1993). He filed his tort claims with the state appeal board both as to prison officials Emmett, Helling, and Hedgepeth and the State of Iowa; these claims have been denied.

In their resistance Defendants have raised no objection to an amended complaint adding defendants to the § 1983 claim. Defendants do object, however, to adding the state tort action negligence theory of recovery, arguing that a state tort claim cannot be brought in federal court.

## CONCLUSIONS OF LAW

Defendants assert that Luncsford is prohibited from amending his complaint to add a negligence count because Iowa state courts have exclusive jurisdiction to hear tort claims against the state. Defendants rely upon *Hyde v. Buckalew*, which focuses on the issue of venue, while offering the following dicta on jurisdiction:

> We construe section 25A.4 to give Iowa district courts (as distinguished from federal courts) exclusive jurisdiction over state tort claims, but we treat the place of trial as a matter of venue governed by section 25A.4 and by other "laws and rules of civil procedure" including rule 175(a).

393 N.W.2d 800, 802 (Iowa 1986).

Section 25A.4, amended and currently codified as Iowa Code § 669.4 (1993), provides:

> The district court of the state of Iowa for the district in which the plaintiff is resident or in which the act or omission complained of occurred, or where the act or omission occurred outside of Iowa and the plaintiff is a nonresident, the Polk county district court *has exclusive jurisdiction* to hear, determine, and render judgment on any suit or claim as defined in this chapter. However, the laws and rules of civil procedure of this state on change of place of trial apply to such suits.

(Emphasis added). Because Defendants provided only the citation to *Hyde* and no brief on the issue, it appears to this Court that they are relying on the statutory language granting exclusive jurisdiction of Iowa Tort Claims to Iowa district courts. However, a rudimentary analysis of the cases under 28 U.S.C. § 1367 clearly establishes that the exercise of supplemental jurisdiction by this Court on Plaintiff's negligence claim is appropriate.

Luncsford has complied with the statutory requirements allowing him to bring suit under the Iowa State Tort Claims Act. *See* Iowa Code § 669.5 (1993). Having met these prerequisites, the State waived its sovereign immunity and allowed itself to be sued. Supplemental jurisdiction may be exercised where the state claim is so related to a claim on which this court has original jurisdiction where the two claims form part of the same

case or controversy, unless federal statute provides otherwise.[1] Clearly, Luncsford's state tort claim is closely related to his § 1983 action which invoked the original jurisdiction of this court. Further, there is no federal provision allowing a state to take away a federal court's supplemental jurisdiction. *Cf.* 28 U.S.C. § 1367. Therefore, this state tort action may be maintained under the supplemental jurisdiction powers of this court. Although the federal district court would not have original jurisdiction to hear Iowa State Tort Claims Act cases, it is clear that once the State has created a statute limiting its sovereign immunity it cannot limit the federal court's power to hear this case. *Scott v. Sch. Dist. No. 6,* 815 F.Supp. 424, 428 (D.Wyo.1993); *Wojciechowski v. Harriman,* 607 F.Supp. 631, 634–35 (D.N.M.1985); *Cf. Davis v. Kansas City Hous. Auth.,* 822 F.Supp. 609, 620 (W.D.Mo.1993).

Any reading of Iowa Code Chapter 669 and 28 U.S.C. § 1367 to the contrary would defeat the purposes of supplemental jurisdiction to promote expediency, efficiency, and fairness to the parties. *United Mine Workers v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966). If a plaintiff could not raise his pendant state issues in federal court he would have to go to the expense and ordeal of litigating two separate but related trials, or of bringing all claims in the state court. "One choice denies efficiency and expediency, and the other is unfair because it discourages him from presenting his federal claims in federal court." *Tompkins v. Stuttgart Sch. Dist. No. 22,* 787 F.2d 439, 442 (8th Cir.1986). The court finds that the § 1983 claim and the state tort claim are sufficiently interrelated that Luncsford should not be forced to sue in two different courts. *See Flowers v. Rego,* 675 F.Supp. 1165, 1168 (E.D.Ark.1987) (judicial economy, convenience and fairness were best served by exercising supplemental jurisdiction where plaintiff's federal and state law claims were premised on the same allegations of fact and involved testimony of the same witness).

**THEREFORE, IT IS ORDERED** that Plaintiff's application for leave to amend his complaint is granted.

**IT IS SO ORDERED.**

---

1. Specifically, 28 U.S.C. § 1367(a) provides:
   Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.