**Carlos PIZARRO, Ivette Ramos, Plaintiffs,**

v.

**HOTELES CONCORDE INTERNATIONAL C.A. and/or Concorde Hotels, Defendants.**

**Civ. No. 88–1682 HL.**

United States District Court, D. Puerto Rico.

Aug. 31, 1989.

David Rivé, Hato Rey, P.R., for plaintiffs.

Iván C. Reichard, Reichard & Calaf, San Juan, P.R., for defendants.

## OPINION AND ORDER

LAFFITTE, District Judge.

Plaintiffs, citizens of Puerto Rico, filed this action under our diversity jurisdiction against defendant Hoteles Concorde International, C.A., a Venezuelan corporation.[1] Plaintiffs allege that, while standing in the lobby at defendants' hotel, the Aruba Concorde, on the island of Aruba, a hotel employee ran into and knocked over plaintiff Ivette Ramos, causing serious injury to her left arm and both legs.

Defendant has moved to dismiss on the ground that this Court does not have personal jurisdiction over it. Defendant's president has submitted a sworn verification, in which he states that the defendant is not incorporated or registered to do business in Puerto Rico, that it does not own or operate a hotel in Puerto Rico, that it does not do any other business in Puerto Rico,

and that it has not authorized or paid any agent within Puerto Rico to made hotel reservations for it.

Plaintiffs have the burden to prove the facts necessary to sustain this Court's exercise of personal jurisdiction over the defendant. *Dalmau Rodriguez v. Hughes Aircraft Co.*, 781 F.2d 9, 10 (1st Cir.1986); *The American Freedom Train Foundation v. Spurney*, 747 F.2d 1069, 1075 (1st Cir.1984); *Escude Cruz v. Ortho Pharmaceutical Corp.*, 619 F.2d 902, 904 (1st Cir. 1980); *Rubi v. Sladewski*, 641 F.Supp. 536, 539 (D.P.R.1986). Plaintiffs have submitted copies of nine advertisements for defendant's hotel which were placed in "El Nuevo Dia," a Puerto Rico newspaper. These advertisements "invited the residents of Puerto Rico who read "El Nuevo Dia" to visit the Aruba Concorde," and gave the telephone number of the defendant's Florida office for reservations. Plaintiffs' Opposition at 2–3. Plaintiffs allege that, due to these advertisements, they learned of the hotel, and decided to visit.

We turn to Puerto Rico's long-arm statute. "In a diversity case, such as the present, the district court's personal jurisdiction over a nonresident defendant is governed by the forum's long-arm statute." *Mangual v. General Battery Corp.*, 710 F.2d 15 (1st Cir.1983). Puerto Rico's long-arm statute states, in relevant part:

Whenever the person to be served is not domiciled in Puerto Rico, the General Court of Justice shall take jurisdiction over said person *if the action or claim arises because said person:*

(1) Transacted business in Puerto Rico personally or through an agent.

P.R.Laws Ann. tit. 32, App.III R. 4.7. (emphasis added). The Puerto Rico Supreme Court has articulated a three-part test for asserting personal jurisdiction over a nonresident defendant: (1) the non-resident defendant must do some act or consummate some transaction in Puerto Rico; (2) *the cause of action must arise out of or re-*

---

**1.** Concorde Hotels is not, as plaintiffs allege in their second amended complaint, a Florida corporation, but operates an office for Hoteles Concorde International, which is qualified to do business in Florida.

sult from the defendant's action within Puerto Rico; and (3) this act or transaction must be a "minimum contact" as defined in *International Shoe Co. v. Washington* and its progeny. *A.H. Thomas Co. v. Superior Court*, 98 P.R.R. 864, 870 (1970) (emphasis added). Puerto Rico's long-arm statute, therefore, requires a causal connection between the defendant's contacts in Puerto Rico and the cause of action.

Plaintiffs argue that the defendants have transacted business in Puerto Rico by placing the advertisements in "El Nuevo Dia," and attest that, if they had not seen those advertisements, they would not have known of the existence of the hotel and would not then have visited the hotel. Plaintiffs' unstated conclusion is that, because of those advertisements, they were injured by the skidding bellboy in the lobby of defendant's hotel.

We cannot agree. Defendants' only contacts in Puerto Rico—the nine advertisements—did not give rise to plaintiffs' cause of action for injuries caused in Aruba by an allegedly negligent hotel employee. Plaintiffs therefore have failed to satisfy both Rule 4.7 and the second element of the three-part test articulated in *A.H. Thomas.* In so holding, we find decisions interpreting the Massachusetts long-arm statute, Mass.Gen.Laws ch. 223A, § 3(a) (1984), persuasive precisely because the Massachusetts long-arm statute, like the Puerto Rico long-arm, requires that a plaintiff's cause of action arise from the defendant's transaction of business within the forum. *See, e.g., Marino v. Hyatt Corp.*, 793 F.2d 427 (1st Cir.1986). Similarly, we do not find persuasive those decisions interpreting long-arm statutes where such a causal connection is not required. *See, e.g., Pedelahore v. Astropark, Inc.*, 745 F.2d 346 (5th Cir.1984).

■ A final note. The Due Process Clause of the Fourteenth Amendment, which requires that a defendant have "minimum contacts" with the forum state to be subject to personal jurisdiction, *see Inter-*

national Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 158–160, 90 L.Ed. 95 (1945), does *not* require that a plaintiff's cause of action be causally related to those contacts. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 104 S.Ct. 1868, 1872, 80 L.Ed.2d 404 (1984). The Due Process Clause, however, merely provides the outer limit on a court's exercise of personal jurisdiction over a non-resident defendant, and allows any particular state to limit the reach of its own long-arm statute, by, for example, requiring a causal connection between the defendant's contacts and the plaintiff's cause of action. In fact, the Puerto Rico Supreme Court has cautioned that a contact that is considered constitutionally sufficient to exercise jurisdiction—a so-called "minimum contact"— still must abide by Rule 4.7. *Industrial Siderurgica, Inc. v. Thyssen Steel Caribbean Inc.*, 114 D.P.R. 548, 14 Official Translation 708, 721–22 n. 5 (1983).[2]

WHEREFORE, defendant's motion to dismiss is GRANTED. Judgment shall be entered accordingly.

IT IS SO ORDERED.

---

**2.** The federal courts have held that Puerto Rico's long-arm statute extends a court's jurisdiction over a non-resident defendant to the extent allowed by the Constitution. *See, e.g., Mangual v. General Battery Corp.*, 710 F.2d 15, 19 (1st Cir.1983); *Commonwealth of Puerto Rico v. SS Zoe Colocotroni*, 628 F.2d 652, 668 (1st Cir.1980); *Vencedor Manufacturing Co., Inc. v. Gougler Industries, Inc.*, 557 F.2d 886, 889 (1st Cir.1977).