Carlos PIZARRO, etc., et al.,
Plaintiffs, Appellants,

v.

HOTELES CONCORDE INTERNATIONAL, C.A., Defendant, Appellee.

No. 89–1954.

United States Court of Appeals,
First Circuit.

Heard March 8, 1990.

Decided July 11, 1990.

lectively, Pizarro) sued defendant-appellee, Hoteles Concorde International, C.A. (Concorde), in the United States District Court for the District of Puerto Rico, for personal injuries caused by the negligence of a Concorde employee at a Concorde hotel in Aruba. Pizarro appeals from the judgment of the district court that granted Concorde's motion to dismiss for lack of *in personam* jurisdiction.

Pizarro contends that the district court erred in dismissing the suit because Concorde's solicitation of business in Puerto Rico for its Aruba hotel is sufficient to subject it to *in personam* jurisdiction in Puerto Rico.

The question presented is whether the district court erred in dismissing the case for lack of *in personam* jurisdiction because of its finding that Concorde's solicitation of business in Puerto Rico for its Aruba hotel, by placing nine advertisements in a newspaper in Puerto Rico, was insufficient for *in personam* jurisdiction over Concorde.

On the facts presented, we hold that Concorde's contacts with Puerto Rico are too minimal and insufficient to subject it to the *in personam* jurisdiction of the district court in Puerto Rico. Accordingly, the judgment of the district court is affirmed.

## BACKGROUND

Hoteles Concorde International, C.A. (Concorde), is a corporation organized under the laws of Venezuela. Concorde is qualified to do business in Florida, and maintains an office in Florida.

During October and November, 1987, Concorde placed advertisements for its Aruba hotel on nine occasions in *El Nuevo Día*, a daily newspaper distributed in Puerto Rico. The advertisements offered four days and three nights at the Aruba Concorde, at a special rate of $99 per person.

On October 29, 1987, Carlos Pizarro and Ivette Ramos, a married couple and citizens

David Rive–Rivera, with whom Vargas & Rive, was on brief, for plaintiffs, appellants.

Ivan C. Reichard–Mackenzie, with whom Reichard & Calaf, was on brief, for defendant, appellee.

Before TORRUELLA and SELYA, Circuit Judges, and RE,* Judge.

RE, Chief Judge.

In this diversity action, plaintiffs-appellants, Carlos Pizarro and Ivette Ramos (col-

* The Honorable Edward D. Re, Chief Judge of the United States Court of International Trade, sitting by designation.

of Puerto Rico, were lodged at the Aruba Concorde. Ivette was injured at the hotel when, according to the complaint, "an employee of the Aruba Concorde Hotel came running in the direction of the plaintiffs, and due to his negligence, ... skidded and hit plaintiff Ivette Ramos, causing her to fall to the floor."

Subsequently, Pizarro and Ivette filed an action against Concorde in the United States District Court for the District of Puerto Rico, alleging that the negligence of Concorde caused Ivette personal injury. Concorde moved to dismiss for lack of *in personam* jurisdiction. *See Pizarro v. Hoteles Concorde Int'l C.A.*, 719 F.Supp. 61, 62 (D.P.R.1989).

> The district court noted that Concorde: is not incorporated or registered to do business in Puerto Rico, that it does not own or operate a hotel in Puerto Rico, that it does not do any other business in Puerto Rico, and that it has not authorized or paid any agent within Puerto Rico to made [sic] hotel reservations for it.

*Id.* The district court also noted that Pizarro contended that Concorde's advertisements in *El Nuevo Día* " 'invited the residents of Puerto Rico who read "El Nuevo Día" to visit the Aruba Concorde,' and gave the telephone number of [Concorde]'s Florida office for reservations." *Id.* Pizarro added that "due to these advertisements, they learned of the hotel, and decided to visit." *Id.*

The district court granted Concorde's motion to dismiss. The court held that Pizarro had failed to satisfy the requirements of the Puerto Rico long arm statute since Pizarro had not established the second element of a three part test articulated by the Puerto Rico Supreme Court—i.e., *"the cause of action must arise out of or result from the defendant's action within Puerto Rico...."* *Id.* at 62–63 (citing *A.H. Thomas Co. v. Superior Court*, 98 P.R.R. 864, 870 (1970)) (emphasis in original). The court stated that Concorde's "only contacts in Puerto Rico—the nine advertisements— did not give rise to [Pizarro's] cause of action for injuries caused in Aruba by an allegedly negligent hotel employee." *Id.* at 63.

On this appeal, Pizarro contends that Concorde's "solicitation of travel business within Puerto Rico by encouraging its residents to travel to its hotel is sufficient to support jurisdiction of the Puerto Rico courts over [Concorde]."

## DISCUSSION

■ It is well established that in diversity cases, " 'the district court's personal jurisdiction over a non-resident defendant is governed by the forum's long-arm statute.' " *American Express Int'l, Inc. v. Mendez–Capellan*, 889 F.2d 1175, 1178 (1st Cir.1989) (quoting *Mangual v. General Battery Corp.*, 710 F.2d 15, 18 (1st Cir. 1983)). Rule 4.7 of the Puerto Rico Rules of Civil Procedure, the Commonwealth's long arm statute, grants Puerto Rico courts the power to assert *in personam* jurisdiction over a non-resident defendant "if the action or claim arises because said person ... [t]ransacted business in Puerto Rico personally or through an agent...." P.R. Laws Ann. tit. 32, app. III, Rule 4.7(a)(1) (Supp.1987).

■ We have noted that, under Puerto Rico law, there is a three-pronged test to determine whether *in personam* jurisdiction can be obtained under Rule 4.7(a). The test provides that:

> One, there must be an act done or consummated within the forum by the non-resident defendant.... Two, *the cause of action must arise out of the defendant's action within the forum state.* Three, the activity linking defendant, forum and cause of action must be substantial enough to meet the due process requirements of 'fair play and substantial justice.'

*Escude Cruz v. Ortho Pharmaceutical Corp.*, 619 F.2d 902, 904–05 (1st Cir.1980) (emphasis added) (citing *A.H. Thomas Co. v. Superior Court*, 98 P.R.R. 864, 870 (1970)).

■ Hence, in order to establish *in personam* jurisdiction over Concorde, Pizarro must establish that Concorde's negligence

"arose out of" Concorde's contacts with Puerto Rico, i.e., the newspaper advertisements. The advertisements, however, have no connection with the negligent act of the employee that allegedly caused the injury. Pizarro alleges that they would not have lodged at the Aruba Concorde if they had not seen the advertisements. Assuming that the allegation is true, it still cannot be said that the negligent act "arose out of" Concorde's placing of the advertisements in *El Nuevo Dia.*

A case that is helpful in answering the question presented here is *Marino v. Hyatt Corp.,* 793 F.2d 427 (1st Cir.1986). In the *Marino* case, which involved similar facts and a similar long arm statute, this court determined that a negligent act at a hotel in one state did not "arise from" the making of reservations in another state. In *Marino,* the plaintiffs, residents of Massachusetts, made reservations and entered into a contract to stay at a Hawaii hotel, owned by a defendant corporation that was not a resident of Massachusetts. The reservations were made and the contract was entered into in Massachusetts. *See id.* at 427. While the plaintiffs were at defendant's hotel in Hawaii, one of the plaintiffs slipped and fell, and suffered physical injuries.

Alleging that the defendant was negligent, the plaintiffs sued the defendant in the United States District Court for the District of Massachusetts. The plaintiffs claimed jurisdiction under the Massachusetts long arm statute which conferred *in personam* jurisdiction " 'over a person, who acts directly or by an agent, as to a cause of action in law or equity *arising from* the person's ... transacting any business in this commonwealth....' " *Id.* at 428 (emphasis added) (quoting Mass.Gen.L. ch. 223A, § 3(a) (1984)). The defendant moved to dismiss, and the district court granted the motion.

On appeal, we affirmed, and noted that to accept plaintiff's argument "would be to render the 'arising from' requirement of the Massachusetts long-arm statute a virtual nullity." *Id.* at 430. We distinguished plaintiffs' allegations from a hypothetical case where a plaintiff's personal injuries "were caused by the hotel's breach of some specific promise made to plaintiffs in Massachusetts...." *Id.* We noted "that it would be a case of the tail wagging the dog to hold that plaintiffs' claims for personal injuries suffered in a Hawaii hotel 'aris[e] from' their alleged Massachusetts contract with [defendant] making a hotel reservation." *Id.* at 431.

Whether certain events "arise out of" a nonresident defendant's actions within Puerto Rico is comparable or analogous to whether certain actions can be said to be the legal, or proximate cause of injuries suffered by a plaintiff. This court has previously commented on the concept of legal causation.

In *Peckham v. Continental Casualty Ins. Co.,* 895 F.2d 830 (1st Cir.1990), plaintiffs, assignees of the insured, sued the defendant insurer for breach of contract. The plaintiffs alleged that the defendant had acted in bad faith by failing to settle with the victim of an accident, and that the defendant's bad faith resulted in a $3,000,000 verdict against the insured. At trial, the jury held that the defendant had acted in bad faith, but that the defendant's bad faith did not cause the $3,000,000 verdict obtained against the insured. *See id.* at 834.

On appeal, the plaintiffs contended "that the district court erred in submitting the issue of causation for jury resolution." *Id.* at 835. The plaintiffs asserted "that, as a matter of law, defendant's bad faith must be deemed the cause of the excess judgment ... and that the jury should not have been afforded the prerogative to decide otherwise." *Id.*

In the *Peckham* case we noted that "[c]ausation is binary, comprising causation in fact and proximate (or 'legal') causation." *Id.* at 836. We added that even if the injury would not have occurred "but for" a certain event, it must still be determined whether that event "proximately caused the harm, that is, whether the defendant should bear legal responsibility for the injury." *Id.* We stated that " '[t]he touchstone is foreseeability: [conduct re-

sults in] liability if, and to the extent that, a foreseeable risk of harm materializes.' " *Id.* (quoting *Swift v. United States,* 866 F.2d 507, 510 (1st Cir.1989)). *See also* W. Keeton, *Prosser and Keeton on the Law of Torts* § 42 (5th ed. 1984); Restatement (Second) of Torts § 435(2) (1965).

Hence, even though the Puerto Rico long arm statute does not specifically require causation, it is noteworthy that in this case, Concorde's contacts with Puerto Rico are not the legal or proximate cause of the personal injury suffered by Ivette.

Furthermore, the assertion or exercise of general *in personam* jurisdiction over Concorde would violate the constitutional requirement of minimum contacts. *See American Express,* 889 F.2d at 1179–80. In *Helicopteros Nacionales v. Hall,* 466 U.S. 408, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984), the Supreme Court reversed a decision of the Texas Supreme Court, which had held that Texas had *in personam* jurisdiction over a nonresident defendant. In *Helicopteros,* the nonresident defendant corporation's only contacts with Texas were contract negotiations within the state, accepting checks drawn on a Texas bank, purchasing materials and services from a corporation located in Texas, and sending employees to Texas for training. *See id.* at 416, 104 S.Ct. at 1873. The nonresident defendant's contacts with Texas were unrelated to the cause of action, which was a wrongful death claim arising out of a helicopter crash in Peru. The Supreme Court held that these contacts "were insufficient to satisfy the requirements of the Due Process Clause of the Fourteenth Amendment." *Id.* at 418–19, 104 S.Ct. at 1874–75.

In this case, Concorde's contacts with Puerto Rico, the placing of nine advertisements in a newspaper distributed in Puerto Rico, are fewer than those of the nonresident defendant in *Helicopteros.* Hence, the district court in Puerto Rico cannot constitutionally assert general *in personam* jurisdiction over Concorde in a tort action.

## CONCLUSION

Since the Puerto Rico long arm statute does not permit the district court in Puerto

Rico to obtain *in personam* jurisdiction over Concorde, and since the assertion of jurisdiction in this case would violate the constitutional requirement of due process, it is the holding of the court that the district court did not err in granting Concorde's motion to dismiss. Accordingly, the judgment of the district court is affirmed.