**Jose ROSICH and his wife Ivanska Capo, and their conjugal legal partnership, Plaintiffs,**

v.

**CIRCUS & CIRCUS ENTERPRISES, INC., d/b/a Excalibur Hotel & Casino, Defendant.**

**No. CIV. 97–2606 (JAF).**

United States District Court, D. Puerto Rico.

May 5, 1998.

William Preston–Giusti, San Juan, PR, for Plaintiffs.

David C. Indiano, Indiano, Williams & Weinstein–Bacal, San Juan, PR, for Defendant.

## OPINION AND ORDER

FUSTE, District Judge.

Before the court is the motion to dismiss of defendant, Circus and Circus Enterprises Inc. d/b/a Excalibur Hotel and Casino. Defendant alleges that this court lacks personal jurisdiction over the defendant and that the claim of plaintiffs, José Rosich, Ivanska Capó, and their conjugal legal partnership, is time-barred by the statute of limitations under Puerto Rico law.

Plaintiffs, residents of Puerto Rico, filed this suit against defendant, a Nevada corporation, alleging that they were injured as the result of falling while riding a "people mover" at the Excalibur Hotel and Casino in Nevada. Plaintiffs claim the fall was the direct and proximate result of defendant's negligence and ask for compensatory and punitive damages. Pursuant to 28 U.S.C.

§ 1332 (1994), plaintiffs allege jurisdiction under a theory of diversity of citizenship. Defendant opposes, claiming that it does not have minimum contacts with Puerto Rico and is, therefore, not amenable to suit in this jurisdiction. We agree that we do not have personal jurisdiction over the defendant and, therefore, grant defendant's motion to dismiss.[1]

### I.

### *Motion to Dismiss*

A defendant may move to dismiss an action against it based only on the pleadings for "failure to state a claim upon which relief can be granted ..." Fed.R.Civ.P. 12(b)(6). In assessing a motion to dismiss, "[w]e begin by accepting all well-pleaded facts as true, and we draw all reasonable inferences in favor of the [non-movant]." *Washington Legal Foundation v. Massachusetts Bar Foundation,* 993 F.2d 962, 971 (1st Cir.1993). However, the court will not accept plaintiff's unsupported conclusions or interpretations of law. *Id.*

### II.

### *In Personam Jurisdiction*

Plaintiffs allege that defendant became subject to jurisdiction by advertising in the 1997 Hotel and Travel Guide, in four brochures of the Las Vegas Convention and Visitors Authority, in one of the Luxor Hotel, and in similar such guides from past years, all of which, plaintiffs allege, were used by travel agents in Puerto Rico. We conclude that this is not enough to establish personal jurisdiction over Circus and Circus.

Circus and Circus is a Nevada corporation located in Las Vegas. Plaintiffs do not allege and defendant denies that defendant has an office or agent in Puerto Rico; owns property in Puerto Rico; has phone book or Yellow Pages listings in Puerto Rico; has bank accounts in Puerto Rico or incurs or pays taxes in Puerto Rico; or that it conducts business in Puerto Rico.

---

1. Because we do not have jurisdiction over the defendant, we do not need to reach defendant's other argument that the statute of limitations has run on plaintiffs' claim.

When personal jurisdiction is contested, the plaintiff has the burden of proving facts sufficient to sustain jurisdiction under both the forum's long-arm statute and the due-process clause of the United States Constitution. *Ticketmaster–New York, Inc. v. Alioto*, 26 F.3d 201, 204 (1st Cir.1994); *Goldman Antonetti v. Medfit International, Inc.*, 982 F.2d 686, 690 (1st Cir.1993); *see Villa Marina Yacht Sales, Inc. v. Hatteras Yachts*, 915 F.2d 7 (1st Cir.1990). In order to meet their burden, plaintiffs must make a *prima facie* showing that jurisdiction exists, with evidence that goes beyond the pleadings; some form of affirmative proof is required. *Boit v. Gar–Tec Products, Inc.*, 967 F.2d 671, 675 (1st Cir.1992).

Rule 4.7(a) of the Puerto Rico Rules of Civil Procedure, 32 L.P.R.A. App. III, R. 4.7., grants Puerto Rico courts the authority to assert *in personam* jurisdiction over a nonresident defendant "[i]f the action or claim arises because said person ... [t]ransacted business in Puerto Rico personally or through an agent." 32 L.P.R.A.App. III, § 4.7(a)(1) (1983). In *Pizarro v. Hoteles Concorde Int'l., C.A.*, 907 F.2d 1256, 1258 (1st Cir.1990), a case that is instructive in deciding if we have jurisdiction, the Court of Appeals for the First Circuit noted that there is a three-prong test for determining whether *in personam* jurisdiction may be obtained under Rule 4.7:

> One, there must be an act done or consummated within the forum by the nonresident defendant.... Two, the cause of action must arise out of the defendant's action within the forum state. Three, the activity linking defendant, forum and cause of action must be substantial enough to meet the due process requirements of 'fair play and substantial justice.'

*Id.* at 1258 (citing *Escude Cruz v. Ortho Pharmaceutical Corp.*, 619 F.2d 902, 904–05 (1st Cir.1980) (citing *A.H. Thomas Co. v. Superior Court*, 98 P.R.R. 864, 870 (1970))).

Therefore, in order to establish *in personam* jurisdiction over defendant, Circus and Circus, the plaintiffs must establish that defendant's negligence "arose out of" its contacts with Puerto Rico, i.e. the advertisements in the travel guide and the brochure.

However, plaintiffs do not alleged that their injuries are connected with defendant's contacts with Puerto Rico.

The facts of *Pizarro* raise issues similar to those in the present case. In *Pizarro*, the same long-arm statute was used to determine if the United States District Court for the District of Puerto Rico had jurisdiction over a hotel in Venezuela. *Id.* The plaintiff was suing the hotel as a result of injuries sustained when he fell in the hotel. The plaintiff claimed that he visited the hotel as the result of the hotel's newspaper advertisement in a Puerto Rico paper. The Court of Appeals for the First Circuit found that the plaintiff's injuries did not arise from the hotel advertisements even though the advertisements were targeted at Puerto Rico and were the reason the plaintiffs went to the hotel. *Id.* at 1260. Furthermore, the Court determined that the advertisements were not sufficient to establish the constitutional requirement of minimum contacts. *Id.*

*Pizarro* was a far more difficult case than the present one. Unlike *Pizarro*, in the present case, there is neither an allegation that the advertisements were targeted toward Puerto Rico nor an allegation that plaintiffs came to the hotel as the result of the advertisements. In fact, plaintiffs have not alleged any connection between their injury and defendant's advertisements.

### III.

#### *Conclusion*

Because plaintiffs have not established that their claim arose from the defendant's actions, they have not alleged facts sufficient to meet the standard for *in personam* jurisdiction under Puerto Rico law. Moreover, because the connection alleged between defendant and Puerto Rico is so tenuous, plaintiffs have not alleged facts to meet the constitutional standard of minimum contacts. Defendant's motion to dismiss for lack of *in personam* jurisdiction is granted.

**IT IS SO ORDERED.**